Dear Mayor DeLaune:
We received your request for an opinion regarding a proposed contribution of $10,000.00 by the City of Denham Springs to the Denham Springs/Livingston Parish Chamber of Commerce. Although you refer to the $10,000.00 as a "contribution", based upon the materials included in the request, the funds appear to be part of a proposed service agreement between the City of Denham Springs and the Chamber of Commerce. Pursuant to the agreement, the Chamber of Commerce will market local business and commerce in exchange for $10,000.00.
Because your request questions the use of public funds, it must be addressed in light of Article 7, Section 14 (A) of the Louisiana Constitution of 1974 which prohibits the state or any political subdivision of the state from loaning, pledging, or donating funds, property or things of value of the state or any political subdivision thereof to or for any person, association, or corporation. The Louisiana Supreme Court ruled that Article 7, Section 14 (A) is violated whenever the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. LouisianaMunicipal Agency, 439 So.2d 399 (La. 1983). Clearly, the City of Denham Springs may not simply contribute funds to the Chamber of Commerce because such a contribution would be tantamount to a donation of public funds which is expressly prohibited by the constitution. The city must be obligated to spend the funds. See Attorney General Opinion No. 99-363.
La.R.S. 51:1201 authorizes parishes, municipalities, and port authorities to advertise as they deem appropriate to promote, encourage, and develop industry, trade, and commerce. Thus, by virtue of this statute, the City of Denham Springs may advertise to promote and develop its local industry and commerce.
Article 7, Section 14 (C) of the Louisiana Constitution provides that the state and its political subdivisions may engage in cooperative endeavors with each other or with a public or private association or corporation for a public purpose. A constitutionally sound cooperative endeavor must meet a three-prong test. First, there must be a legal obligation to expend the public funds at issue. Second, the expenditure must be for a public purpose. Third, the expenditure must create a public benefit that is proportionate to its cost.
The City of Denham Springs, by virtue of La.R.S. 51:1201, is authorized to advertise in order to promote and develop its local industry and commerce. The expenditure clearly serves a public purpose. However, we cannot say that the costs are commensurate with the services provided by the Chamber of Commerce. The Denham Springs/Livingston Parish Chamber of Commerce, according to the information provided in the request, is a parish-wide entity which serves Denham Springs and the Parish of Livingston as a whole. Therefore, it does not appear that the city's benefit would be proportionate to its cost. Thus, it is our opinion that the City of Denham Springs may enter into a cooperative endeavor with the Chamber of Commerce to promote local industry and commerce through advertisement provided that its costs are commensurate with the services provided to it by the Chamber of Commerce.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
 Very truly yours, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt
DATE RELEASED: August 10, 2001